WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR-12-8082-JAT-PCT |
| Plaintiff, | |
| v. | |
| WILLARD JOHN, | |
| Defendant. | |

Pending before the Court is Defendant's Motion to Lift Prohibition on Contact with Jurors (Doc. 224) and Defendant's Motion to Extend Time to File Motion for New Trial. (Doc. 221). The Court now rules on these motions.

**I.     BACKGROUND**

Defendant Willard John ("Defendant") was charged with first-degree murder and the lesser included charge of second-degree murder on April 11, 2012. (Doc. 12). After his trial, on July 11, 2014, the jury returned a guilty verdict on the lesser included charge of second-degree murder. (Doc. 220). Later, on that same day, the jury foreperson sent an email to the prosecutor assigned to Defendant's case stating that two of the jurors were "hold-outs" and that several of the other jurors thought the jury foreperson was "threatening" the two hold-outs. (Doc. 224, Ex. 1). The email also stated that because the jury could not reach a unanimous decision regarding first-degree murder, they "fell-back on 2nd Degree [sic]." (*Id.*). Furthermore, the jury foreperson asserts in his email that after

the first day of testimony one juror stated that she "would be the one to hold out against anything the jury tried to do." (*Id.*). Pursuant to Local Rule of Criminal Procedure 24.2, the parties were banned from initiating contact with the jurors after the trial. LRCrim 24.2.

Because of the information contained in the jury foreperson's email, Defendant filed the motion requesting the Court to allow the parties to contact the jurors so that an independent investigator can interview each juror. (Doc. 224). On July 16, 2014, Defendant filed a Motion to Extend Time to File Motion for New Trial. (Doc. 221). On July 18, 2014, the Government filed a Response Opposing Defendant's Motion to Lift Prohibition on Contact with Jurors. (Doc. 227).

**II.   LEGAL STANDARD**

Under Local Rule of Criminal Procedure 24.2, parties to a case are banned from initiating contact with jurors after the trial unless the parties can show good cause and the court grants permission. LRCrim 24.2. The Ninth Circuit disfavors post-verdict interrogation of jurors and has consistently disallowed such interrogation for the purpose of discovering potential, but unspecified, jury misconduct. *See Tanner v. United States*, 483 U.S. 107, 121 (1987); *Smith v. Cupp*, 457 F.2d 1098, 1100 (9th Cir. 1972); *N. Pac. Ry. Co. v. Mely*, 219 F.2d 199, 202 (9th Cir. 1954).

Courts facing post-verdict allegations of jury misconduct rely on Federal Rule of Evidence 606(b) ("Rule 606(b)") to determine whether the parties should be allowed to interrogate the jury. *See* LRCrim 24.2; *United States v. Logan*, 250 F.3d 350, 379–80 (6th Cir. 2001). Rule 606(b) states that:

> During an inquiry into the validity of a verdict or indictment, a juror may not testify about any statement made or incident that occurred during the jury's deliberations; the effect of anything on that juror's or another juror's vote; or any juror's mental processes concerning the verdict or indictment."[1]

---

[1] There are three limited exceptions to Rule 606(b)'s prohibition on post-verdict interrogation of the jury, none of which apply here. The exceptions allow a juror to testify about whether, "extraneous prejudicial information was improperly brought to the jury's attention; an outside influence was improperly brought to bear on any juror; or a mistake was made in entering the verdict on the verdict form." Fed. R. Evid. 606(b)(2).

- 2 -

Fed. R. Evid. 606(b).

Jurors cannot be "questioned about the deliberative process or subjective effects of extraneous information, nor can such information be considered by the trial or appellate courts." *United States v. Bagnariol*, 665 F.2d 877, 884–85 (9th Cir. 1981); *see United States v. Marques*, 600 F.2d 742, 747 (9th Cir. 1979). Rule 606(b)'s prohibition on post-verdict inquiry into the jury's internal deliberations applies regardless of whether a juror volunteers such information. *See Smith*, 457 F.2d at 1100; *Domeracki v. Humble Oil and Refining Co.*, 443 F.2d 1245, 1247 (3d Cir. 1971). However, jurors may testify on matters concerning extraneous prejudicial information or improper outside influences. Fed. R. Evid. 606(b)(2); *see Tanner*, 483 U.S. at 121; *Smith*, 457 F.2d at 1100.

### III.   ANALYSIS

#### A.   Prohibition on Contact with Jurors

In his Motion to Lift Prohibition on Contact with Jurors (Doc. 224), Defendant asserts that the information contained in the jury foreperson's email is sufficient to lift the ban on post-verdict interrogation of the jury. Accordingly, Defendant argues that he should be allowed to hire an independent investigator to interview each juror to uncover possible jury misconduct. (*Id.*). The information contained in the jury foreperson's email concerns only the jury's internal deliberations, not extraneous prejudicial information or improper outside influences. Moreover, even if assumed true, the information contained in the email does not rise to jury misconduct and the parties cannot interrogate the jury for the purpose of uncovering only potential jury misconduct. Therefore, the parties are not entitled to interrogate the jurors.

The email states that some jurors thought the jury foreperson was "threatening" the other jurors during the jury's closed-door deliberations. (Doc. 224, Ex. 1). Discussions amongst jurors including any intimidation, harassment, or any other intra-jury influences on the verdict are considered matters of internal deliberation, not extraneous prejudicial information or improper outside influences. *See United States v. Decoud*, 456 F.3d 996, 1019 n.11 (9th Cir. 2006); *United States v. Hanley*, F.3d 1017,

1032–33 (9th Cir. 1999); *United States v. Brito*, 136 F.3d 397, 414 (5th Cir. 1998) (juror's affidavit stating that she experienced "internal coercion" due to harassment and pressure by other jurors was not enough to impeach the verdict). Therefore, such information does not warrant post-verdict interrogation of the jury. Similarly, the statement in the email concerning the jury's decision to reach a verdict of second-degree murder rather than first-degree murder directly pertains to the jury's internal deliberative process.

Moreover, the statement in the email that one juror said she that "would be the one to hold out against anything the jury tried to do" is also insufficient to warrant post-verdict interrogation of the jury. *See United States v. Lawrence*, 405 F.3d 888, 903 (10th Cir. 2005) (juror's statement that she was going to be the hold-out did not rise to jury misconduct, indicate juror bias, or warrant post-verdict interrogation of the jury). The juror's alleged statement did not indicate that she decided on Defendant's guilt before the end of the trial. *See id.* Accordingly, none of the information contained in the jury foreperson's email rises to jury misconduct or warrants post-verdict interrogation of the jury.

### B.    Extension of Time to File a Motion for a New Trial

On July 16, 2014, Defendant filed a motion requesting an extension of time to file a motion for new trial. (Doc. 221). Pursuant to Federal Rule of Criminal Procedure 33, "Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(2). The last day for Defendant to file a Motion for New Trial with the Court was on Friday, July 25, 2014.

However, under Federal Rule of Criminal Procedure 45, the Court may grant an extension of time at the request of a party, if the party files a motion requesting an extension "before the originally prescribed or previously extended time expires." Fed. R. Crim. P. 45(b)(1)(A). Here, Defendant filed a motion requesting an extension of time to file a motion for new trial on July 16, 2014, which is before the originally

prescribed deadline. The Government did not object to Defendant's Motion to Extend Time to File Motion for New Trial and Defendant's deadline to file a Motion for New Trial expired while awaiting the Court's ruling on his Motion to Lift Prohibition on Contact with Jurors. Therefore, the Court extends the time for Defendant to file his Motion for New Trial to September 18, 2014.

**IV.  CONCLUSION**

For the foregoing reasons,

**IT IS ORDERED** that Defendant's Motion to Lift Prohibition on Contact with Jurors (Doc. 224) is DENIED.

**IT IS FURTHER ORDERED** that Defendant's Motion to Extend Time to File a Motion for New Trial (Doc. 221) is GRANTED. Defendant's Motion for New Trial is due on or before September 18, 2014

Dated this 4th day of September, 2014.

James A. Teilborg
Senior United States District Judge