WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Willard John,<br><br>    Movant,<br><br>v.<br><br>United States of America,<br><br>    Respondent. | CV-18-8244-PCT-JAT<br>CR-12-8082-PCT-JAT<br><br>**ORDER** |

A Motion to Vacate, Set Aside or Correct Sentence was filed in this case on October 1, 2018 ("Motion"). Following a four-day evidentiary hearing, the Magistrate Judge to whom this this case was assigned issued a Report and Recommendation (R&R) on February 28, 2023. (Doc. 117).[1] Movant objected to the R&R. (Doc. 122). Respondent filed a reply to the objections. (Doc. 126).

**I.     Review of R&R**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not

---

[1] The docket numbers refer to the docket in the civil case.

otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [Magistrate Judge's] recommendations to which the parties object."). District courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made.").

Accordingly, the Court will review Movant's objections de novo.

## II.     Factual Background

The R&R includes a factual summary of the criminal case. (Doc. 117 at 3-4). Neither party objected to that factual summary, and the Court hereby accepts it. It is quoted in full as follows:

> On the morning of March 19, 2013, Larson Williams ("Williams") discovered Willard John ("Defendant") and NJH ("Victim") lying on the bed in their bedroom in a pool of blood. First responders arrived and found Victim deceased from multiple stab and slash wounds. Defendant was found alive, but suffering from a still bleeding neck wound. Defendant was transported to hospital, underwent surgery, and survived. Later that morning, FBI Special Agent Stephen Hale ("SA Hale") arrived at the scene, interviewed various people present, and collected evidence, including two samples of the bloody mattress Defendant and Victim were found lying upon. Later that day, SA Hale allowed Defendant's family to remove and destroy the bloody mattress. Also on March 19, 2014, BIA Special Agent Auggie Belvado ("SA Belvado") travelled to the hospital, collected evidence from Defendant, and photographed Defendant's injuries. On March 21 and [23], 2012, SA Hale travelled to the hospital and interviewed Defendant. Defendant was later arrested on suspicion of murder and, on April 11, 2012, indicted on a single count of first degree murder. When first responders arrived, the victim was in full rigor mortis, indicating that she had been dead for hours. Bloody scissors were found underneath the mattress that Movant and the victim were lying upon. The Government argued that Movant used the scissors to commit the crime. The Government asserted to the jury that the evidence "eliminates any claim that there was a third-party intruder who came in and killed [the victim] and then waited hours to cut [Movant's] throat. Doesn't make any sense. It's not consistent with the evidence." The defense argued to the jury that "what's more likely is there's another weapon we never found. And it's a knife." The defense told the jury that Movant "clearly did not do this" and "[w]hat makes sense is that someone else was in that room, maybe two other people. And they brutalized both of these folks[.]"

(Doc. 117 at 3-4 (internal citations omitted)).

**III.   Claims in the Motion to Vacate, Set Aside or Correct Sentence**

In his Motion, Movant raises six claims of ineffective assistance of counsel. (Doc. 117 at 5-46). Movant also raises a claim of cumulative error. (Doc. 117 at 46).

In addition to these seven claims, the R&R finds that in Movant's Reply and Supplemental Memorandum, he raised six additional factual predicates of ineffective assistance of counsel. (Doc. 117 at 46-47). The R&R concludes that Movant waived these additional six theories by not raising them in his Motion. (Doc. 117 at 48-49). The R&R recounts the law that a motion under § 2255 must be more than a "notice pleading" and that claims that were not properly preserved are waived. (Doc. 117 at 48-49). Neither party objected to this discussion of the governing law, and the Court hereby accepts and adopts it.

Movant objects to the R&R's conclusion that these claims are waived arguing that each claim is not really a new factual predicate, but instead is subsumed in another claim. (Doc. 122 at 16-20). The Court will address each of these claims as part of the claim from the Motion that Movant argues the claim falls under. Alternatively, the R&R analyzes and recommends relief be denied on the merits for each of the additional claims. (Doc. 117 at 48-55).

The R&R recounts the law governing ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984) and its progeny. (Doc. 117 at 3). Neither party has objected to this statement of the controlling law, and the Court hereby accepts it. In short summary:

> …a defendant claiming ineffective assistance of counsel must show that counsel's actions were not supported by a reasonable strategy and that the error was prejudicial." *Massaro v. United States*, 538 U.S. 500, 505 (2003). Under the first prong, a defendant must show that a counsel's representation falls "below an objective standard of reasonableness" as measured by "prevailing professional norms." *Strickland*, 466 U.S. at 687-88….
> With respect to the second prong, "*Strickland* asks whether it is 'reasonably likely' the result would have been different." *Harrington v. Richter*, 131 S.Ct. 770, 792 (2011) (quoting *Strickland*, 466 U.S. at 696)…."The likelihood of a different result must be substantial, not just conceivable." *Id.* (citing *Strickland*, 466 U.S. at 693).

(Doc. 117 at 3).

### 1. Crime Scene Expert

Movant's first theory of ineffective assistance of counsel is that his counsel was ineffective for failing to retain a crime scene expert. (Doc. 117 at 5). The R&R recounts that trial counsel prepared for and cross examined the agents who were at the crime scene. (Doc. 117 at 12-14). The R&R then concludes that this cross examination was adequate to overcome the need for a separate crime scene expert; thus, counsel's actions did not fall below an objective standard of reasonableness. (*Id*. citing cases holding that expert testimony is not required in every case or for every circumstance). Further, the R&R concludes that in this case, the details of the crime scene were within the common understanding of the jurors such that expert testimony would not have been beneficial. (*Id*.). This conclusion is bolstered by the fact that the Government also did not call a crime scene expert at trial. (*Id.* at 14).

Movant objects but does not argue that the R&R incorrectly recounted the facts or incorrectly recounted the law. Movant instead objects to the conclusion that counsel's actions did not fall below an objective standard of reasonableness. Specifically, in his objection, Movant argues that the R&R does not explain why the cross examination of the agents was adequate. (Doc. 122 at 6). However, as detailed in the R&R, the Magistrate Judge did undertake to explain all the ways that counsel performed a thorough and competent cross examination which probed the adequacy of the agents' handling of the crime scene. (Doc. 122 at 18-21).

At the evidentiary hearing before the Magistrate Judge, Movant called a police practices reviewer (Mr. Trainum) who listed all the ways, in his opinion, the agents failed to properly process the crime scene. (Doc. 117 at 15-17). The R&R notes that Mr. Trainum likely would not have qualified as an "expert" for this case at trial because he was not testifying to any information beyond the ordinary understanding of the jury. (*Id*.). Further, the R&R detailed how counsel in fact solicited testimony from the agents about their failure to collect evidence and process the crime scene in the ways Mr. Trainum testified at the

evidentiary hearing should have been done. (Doc. 117 at 18-21). Thus, the R&R in fact detailed why the cross examination was adequate because it probed the adequacy of the agents' work in all the respects that Mr. Trainum testified needed to be probed. Therefore, having reviewed this issue de novo, the Court overrules Movant's objection that the R&R failed to explain why the cross examination was adequate.

Thus, Movant's only remaining argument on this claim is that counsel should have retained and called a crime scene expert, not that counsel's cross-examination of the agents should have been better or different in some respect. Accordingly, the Court will turn to whether a crime scene expert was necessary.

First, for the reasons listed above–namely that trial counsel probed the agents regarding the ways their processing of the crime scene was questionable and that this area was within the ordinary understanding of the jury–Defendant was not prejudiced by counsel's failure to retain a crime scene expert. Second, alternatively, counsel's actions did not fall below an objective standard of reasonableness.

Movant complains that the crime scene reconstruction expert, Mr. Jarrett, that trial counsel called at the hearing on the Motion to Dismiss and Motion to Suppress was found by the Court to not be an expert. (Doc. 117 at 8-9). Such ruling was without prejudice to trial counsel attempting to qualify Mr. Jarrett as an expert at trial. (*Id.*). Given the information available to trial counsel at the time, counsel retaining Mr. Jarrett was a reasonable strategic choice. (Doc. 117 at 9 citing *Hinton v. Alabama*, 571 U.S. 263, 274-75 (2014) ("The selection of an expert witness is a paradigmatic example of the type of 'strategic choice' that, when made 'after thorough investigation of [the] law and facts,' is 'virtually unchallengeable.'" (cleaned up))).

Further, trial counsel not retaining an alternative crime scene expert for trial was a reasonable strategic choice. Specifically, Movant's expert at the evidentiary hearing, Mr. Cooper, acknowledged that a crime scene reconstruction expert is not required in every case. (Doc. 117 at 13). Indeed although Mr. Cooper had tried over 200 criminal jury trials, including 42 homicides, he could only recall using a crime scene expert twice in federal

court. (Doc. 117 at 11, 13). For all of the foregoing reasons, which the Court considered de novo, trial counsel's failure to call a crime scene expert at trial was not deficient performance. Movant's objections regarding trial counsel's failure to retain a crime scene expert at trial are overruled and the R&R recommending relief be denied on this claim is accepted.

In his Reply, Movant argues an additional factual predicate of ineffective assistance of counsel; specifically, Movant argues that trial counsel's failure to retain a bloodstain pattern expert is part of his claim that trial counsel was ineffective for not retaining a crime scene expert. (Doc. 117 at 48). The R&R concludes that this claim (regarding the bloodstain pattern expert) is waived (Doc. 117 at 48) or alternatively fails on the merits (Doc. 117 at 50).

The Court agrees with the R&R that retaining a bloodstain pattern expert is so distinct from the issue of retaining Mr. Jarrett as a crime scene expert, that Movant's argument that this is not a new factual predicate of ineffective assistance of counsel is rejected. Movant's objection to the R&R's conclusion that this theory was waived is overruled. Relief on this claim is denied.

Alternatively, on the merits the R&R notes that trial counsel did retain a blood splatter expert to consult with for trial but chose not to call the expert at trial. (Doc. 117 at 50). Trial counsel made this strategic choice because the Government did not call such an expert, so she did not think an expert in this area was necessary, and because she "did not want to, frankly, create another reason for the jury to evaluate this really gory evidence." (Doc. 117 at 50). Movant objects by making the conclusory statement that trial counsel not calling an expert because there was no need to rebut a Government expert "cannot reasonably be considered strategy." (Doc. 122 at 18). The Court disagrees. Who counsel chooses to call at trial and why is a strategic choice. The objection is overruled. The Court agrees with and accepts the R&R's alternative holding that if this claim was not waived, it fails on the merits because trial counsel's actions did not fall below an objective standard of reasonableness and Movant cannot show prejudice. (Doc. 117 at 50).

- 6 -

### 2. The YSTR DNA report

As the R&R details more fully, on the eve of trial, the Government disclosed a report that showed the results of certain DNA testing to the defense. (Doc. 117 at 21). As Movant's expert at the evidentiary hearing before the Magistrate Judge testified, this evidence could be argued as exculpatory and could also be argued as inculpatory. (Doc. 117 at 24). Specifically, the report showed that there was DNA under the victim's fingernails that belonged to Movant (the "major component" of the mixture), and DNA under the victim's fingernails that belonged to a third-party. (Doc. 117 at 21).

Trial counsel made several requests to the Court regarding this evidence. (Doc. 117 at 21-25). The first request was for a trial continuance. (*Id.*). The second request was for a jury instruction saying that there was late disclosed DNA evidence that might be exculpatory and a request that the evidence be excluded if no continuance was granted. (*Id.*). The Court denied the request for a continuance and excluded the evidence without the requested jury instruction. (*Id.*). The Ninth Circuit Court of Appeals, in affirming Movant's conviction, found that this Court did not abuse its discretion in making these rulings. (CR 12-8082 Doc. 322-2 at 3-4).

Movant argues that his counsel was ineffective for moving to preclude this evidence because it would have bolstered an argument that a third-party might have been present. (Doc. 122 at 8-10; 16-17). The R&R concludes that trial counsel's actions with respect to this evidence were all reasonable strategic decisions and, therefore, not ineffective. (Doc. 117 at 25-26). Additionally, the R&R concludes that because the DNA evidence, had it been admitted, would not have been exculpatory, Movant cannot show that the result of the proceeding would have been different. (*Id.* at 26).

Movant objects and argues that his expert who testified at the evidentiary hearing disagreed with the R&R's legal conclusion that trial counsel's actions were reasonable. (Doc. 122 at 9). However, neither the Magistrate Judge nor this Court are required to adopt Movant's expert's opinion. Having reviewed trial counsel's actions de novo, and particularly given the at least equally inculpatory weight to this evidence, this Court agrees

- 7 -

1  with the R&R that trial counsel moving to preclude the evidence was a reasonable strategic
2  decision.
3    Movant also objects and argues that this Court cannot give deference to counsel's
4  actions as a reasonable strategic decision because trial counsel filed a supplemental
5  declaration that stated, "I did not make a 'strategic' or 'tactical' decision to have the DNA
6  report excluded from the evidence at trial." (Doc. 27-3 at 4, ¶14). The R&R cites numerous
7  cases which hold, "*Strickland*…calls for an inquiry into the objective reasonableness of
8  counsel's performance, not counsel's subjective state of mind." (Doc. 117 at 25). And that
9  even admissions by trial counsel of ineffectiveness are not dispositive of such claims
10 because "[i]neffectiveness is a question for the courts, not counsel, to decide." (*Id.*).
11   Here, trial counsel's claim that she was not making a strategic decision does not
12 change the Court's legal conclusion that she made a reasonable strategic decision under
13 *Strickland*. Moreover, trial counsel's declaration is inconsistent with the record. As the
14 R&R recounts at length, trial counsel made various arguments and took various affirmative
15 actions with respect to this evidence. (Doc. 117 at 21-25). Hypothetically, a lawyer could
16 make an omission or oversight non-strategically. But on this record, the Court the finds no
17 facts to support that trial counsel made repeated arguments on her client's behalf for a
18 reason other than strategy. Thus, the Court rejects trial counsel's supplemental declaration
19 as non-credible as compared to the record as a whole. Thus, the Court overrules all of
20 Movant's objections to the R&R's conclusion that counsel made a reasonable strategic
21 decision with respect to the DNA evidence, and accordingly, was not ineffective.
22   Movant also objects to the R&R conclusion that there was no prejudice under
23 *Strickland* arguing that the fact that the DNA evidence did not fully exonerate Movant does
24 not preclude the possibility that at least one juror might have reached a different conclusion.
25 (Doc. 122 at 10). However, as discussed above, prejudice requires that the likelihood of a
26 difference result must be substantial, not just conceivable. Here, Movant's argument that
27 perhaps one juror might have had reasonable doubt is conceivable, but highly unlikely
28 given that this evidence also, in the largest sample, showed Movant's DNA under the

1 victim's fingernails. And as Movant's own expert testified, "if an argument is made that
2 [the victim] got DNA under her fingernails from scratching and clawing at whoever was
3 killing her, [then] there's also an argument to be made that that was [Movant's DNA]."
4 (Doc. 122 at 24). Movant's objection to the R&R's conclusion regarding prejudice is
5 overruled. Relief on this claim is denied.

### 3. Independent DNA Testing

Movant argues his counsel was ineffective for not doing independent DNA testing of the evidence. (Doc. 117 at 27). The R&R concludes that trial counsel acted reasonably under the then existing prevailing professional norms and thus, did not have objectively unreasonable performance under *Strickland*. (Doc. 117 at 29). Further, the R&R notes that DNA testing could have further inculpated Defendant. (*Id*.). Indeed, as the previous section of this Order notes, when the Government concluded DNA testing, it showed that Movant was the major contributor. Therefore, trial counsel's decision not to do independent DNA testing did not prejudice Defendant. (*See* above and Doc. 117 at 29).

Movant objects and argues that counsel should have thought more about doing independent DNA testing. (Doc. 112 at 11). Movant argues that the failure to give fuller consideration to DNA testing under the victim's fingernails was ineffective assistance. (*Id.* at 11-12). Trial counsel stated that she did not seek independent testing of potential DNA under the victim's fingernails because she did not think it would be helpful. (*Id*.). Movant now attaches much significance to trial counsel's phrasing of this decision, wherein she said "it never crossed my mind to have the fingernail evidence tested" because "I did not think there would be anything helpful", to argue she made no strategic decisions. (*Id*. (cleaned up)). But the turn of phrase "it never crossed my mind" does not change the fact that trial counsel pursued all evidence trial counsel strategically decided would be helpful, and strategically did not pursue evidence trial counsel did not believe would be helpful. The Court agrees with the R&R that this was a reasonable strategic decision under the prevailing professional norms, and therefore was not ineffective.

Moreover, trial counsel's prediction that the evidence would not be helpful was in

- 9 -

many respects borne out. When the Government conducted this testing it showed the major contributor of the DNA under the victim's fingernails was Movant. Movant's expert testified at the evidentiary hearing that the Government could have used this evidence to argue that the victim fought back against her attacker, and the evidence would have been consistent with her attacker being Movant. In this respect, the evidence is not helpful to Movant and trial counsel was correct. Thus, Movant cannot show prejudice (as discussed above) from counsel failing to pursue this evidence.

Accordingly, Movant's objections are overruled and relief on this theory of ineffective assistance of counsel is denied.

In his Reply, Movant argues two additional factual predicates of ineffective assistance of counsel. First, Movant argues that trial counsel was ineffective for failing to consult with a DNA expert. Second, Movant argues that trial counsel was ineffective for failing to show that the victim's DNA was not on the scissors. The R&R concludes that these claims are waived (Doc. 117 at 48) or alternatively fail on the merits (Doc. 117 at 49, 50).

In his objections, Movant argues that these claims are not waived because they are part of his claim that trial counsel failed to do independent DNA testing. As an initial matter, the Court agrees with the R&R that retaining or consulting with a DNA expert and arguing that the victim's DNA was not on the scissors are completely different factual predicates than failing to do independent DNA testing. As a result, the Court accepts the R&R's conclusion that these claims are waived (Doc. 117 at 48), and relief on these claims is denied.

Alternatively, first regarding Movant's argument that trial counsel should have retained a DNA expert, the R&R concludes that trial counsel's review of the DNA evidence without the assistance of an expert was reasonable given the facts of this case and did not prejudice Movant. (Doc. 117 at 49). Movant's conclusory objection that a DNA expert would have created a "reasonable probability that at least one juror would have questioned [Movant's] sole involvement in the murder" (Doc. 122 at 17) is speculative and refuted by

the other significant evidence of Movant's guilt in the record.  This objection is overruled.  Relief on this claim is alternatively denied on the merits.

Second, regarding Movant's claim that trial counsel should have argued based on the admitted evidence at trial that the victim's DNA was not on the scissors, as the R&R recounts in detail, trial counsel in fact did make this argument. (Doc. 117 at 50-51).  Thus, the Court agrees with the R&R on the merits that trial counsel was not ineffective because she did what Movant now erroneously claims she did not do.  Relief on this claim is alternatively denied on the merits.

### 4. Erick Thompson

Movant argues that his trial counsel was ineffective for "failing" to investigate Mr. Thompson as a potential suspect.  First, the R&R notes that trial counsel did look into this person. (Doc. 117 at 31-32).  Second, the R&R notes that any theories of what a more robust investigation might have uncovered are purely speculative. (Doc. 117 at 32).

In his objections, Movant argues that trial counsel was ineffective because she should have been investigating earlier than a month or two prior to trial. (Doc. 122 at 15; Doc. 117 at 31).  This Court agrees with the R&R that trial counsel's performance did not fall below an objective standard of reasonableness. (Doc. 117 at 32).  Based on the report trial counsel had from the FBI regarding this witness, further investigation than what was performed was not necessary to meet an objective standard of reasonableness.  Movant's objection is overruled.

Further, the Court agrees with the R&R that Movant has failed to show prejudice under *Strickland* because still to this day there is no evidence that a further investigation would have revealed anything more than the FBI interview initially revealed. (Doc. 117 at 30-32) (recounting that Mr. Thompson was in the general area the night of the incident)).  Thus, the R&R is correct that Movant's speculative hopes that a further interview with Mr. Thompson would have revealed something beneficial is not enough to create a likelihood that the results of the proceedings would have been different. (Doc. 117 at 32 (collecting cases holding that mere speculation about what a witness might say if interviewed is

insufficient to show ineffective assistance of counsel)).

For these reasons, relief on Movant's ineffective assistance of counsel claim regarding Mr. Thompson is denied.

In his Reply, Movant raises two additional factual predicates of counsel's alleged failure to investigate third-party suspects. The first is trial counsel's alleged failure to investigate two prior stabbings. (Doc. 117 at 48, 54). The second is trial counsel's alleged failure to investigate three other possible suspects. (Doc. 117 at 48, 53).

Preliminarily the Court agrees with the R&R that the factual predicates underlying these theories are so different than the facts regarding Mr. Thompson that Movant's argument that these are not new factual predicates is rejected. Movant's objection to the R&R's conclusion that these theories are waived is overruled. Relief on these claims is denied.

Alternatively, regarding the "two prior stabbings", the R&R concludes that as a matter of fact, there were not two prior stabbings. (Doc. 117 at 54-56). Thus, trial counsel could not be ineffective for failing to investigate two incidents that did not occur. In his objections, Movant just reiterates that trial counsel did not investigate "prior incidents". (Doc. 122 at 20, lines 17-20). On this record, the Court agrees with the R&R on the merits that there is no evidence to support that there were two prior stabbings to investigate, and counsel was not ineffective as to this factual predicate.

Alternatively, regarding the three other suspects, the R&R concludes that Movant has no evidence that the three other males with Mr. Thompson would have produced helpful information had they been investigated. (Doc. 117 at 53-54). The R&R is legally correct that mere speculation or conclusory statements about what a further investigation might have shown is insufficient to support a claim of ineffective assistance of counsel. (*See id.*). More to the point, however, in his objections, Movant does not even speculate what these witnesses would have said. (Doc. 122 at 20). Instead, he generally reasserts that trial counsel should have done more investigating. (Doc. 122 at 20). As the R&R recounts, counsel's investigator did do general investigating and looked for witnesses.

(Doc. 117 at 53-54). On this record, Movant has failed to show that counsel's performance was deficient or that Movant was prejudiced because trial counsel did not do more broad ranging, but likely futile, investigating.

### 5A. Movant's Competency; 5B. Voluntariness

#### A. Competency

Regarding Movant's overall competency, the R&R concludes that trial counsel was not ineffective in seeking two defense evaluations, requesting a preliminary competency finding, having Movant sent to Butner, North Carolina for rehabilitative proceedings, and requesting another competency hearing. (Doc. 117 at 33-37). Movant does not object to this finding, and the Court hereby accepts and adopts it.

#### B. Voluntariness

Movant argues that trial counsel was ineffective in her handling of the hearing on the motion to suppress that she filed seeking suppression of Movant's statements on voluntariness grounds. (Doc. 117 at 41). The R&R recommends that relief on this claim be denied.

Movant's objections seem to have two bases. The first basis appears to be that trial counsel failing to prevail on the Motion to Suppress is ineffective assistance.[2] In furtherance of this theory, Movant argues that trial counsel should have retained and called an "interrogation expert". (Doc. 122 at 13). In his Reply in support of his Motion to Vacate and in his objections to the R&R, Movant added to this claim an argument that trial counsel should have retained and called a "linguistics expert". (Doc. 122 at 19). Essentially, Movant objects and argues that trial counsel should have presented more affirmative evidence. (Doc. 122 at 13).

---

[2] This Court denied the motion to suppress (Doc. 117 at 40); and the Court of Appeals affirmed that ruling (Doc. 117 at 41).
  In his Reply at Doc. 27, Movant clearly states he is not attempting to relitigate the ruling on the motion to suppress. However, an implicit theme of his arguments on this issue is his belief that: the fact that the motion to suppress was denied in these circumstances shows counsel must have been ineffective. Thus, whether the motion to suppress was correctly decided, thereby making any further actions trial counsel could have taken futile, is somewhat at issue. *See Rupe v. Wood*, 93 F.3d 1434, 1445 (9th Cir. 1996) (counsel failing to take an action that would have been futile can never be deficient performance).

However, trial counsel did present affirmative evidence in the form of three doctors, two of whom who could testify to Movant's competency and comprehension. (Doc. 117 at 37). As discussed in the R&R and herein, trial counsel's strategic decision of which experts to retain is entitled to a strong presumption of reasonableness. (Doc. 117 at 42 (and cased cited therein)). On this record, the Court finds that trial counsel made a reasonable strategic decision to retain and call two medical professionals to testify regarding Movant's "unique circumstances [including]…[his] developmental capacity, his intellectual and developmental functioning … and the impact of the medications he was on at the hospital." (Doc. 98 at 147 (testimony of trial counsel regarding her strategy regarding the experts she chose to retain)).

Alternatively, Movant cannot show prejudice. Movant argues that trial counsel should have called an expert to point out issues with Agent Hale's interrogation tactics. (Doc. 122 at 13). However, on direct appeal, appellate counsel argued 50 different ways Agent Hale's interrogation tactics were allegedly coercive, yet this Court's ruling on the Motion to Suppress was affirmed. (C.A. No. 15-10043, Movant's Opening Brief: Doc. 14-1 at 22-30). Thus, even if trial counsel had retained an interrogation expert to testify to the Court regarding the interrogation tactics, and assuming the Court had allowed this expert to testify,[3] the result of the proceeding would not have been different.

The second basis for Movant's objection to the R&R on this claim is his argument that trial counsel did not think enough about what experts to retain. More specifically, Movant argues that trial counsel did not evaluate the need for experts because she thought the issues with Movant's statements were "obvious". (Doc. 122 at 14). In its reply to the objections, the Government disputes that trial counsel ever said this. (Doc. 126 at 13). The Court has reviewed Movant's citation for this quote attributed to trial counsel, which is

---

[3] A topic such as "when interrogation tactics are coercive" has both factual and legal elements depending on the substance of the expert's testimony. The distinction between permissible and impermissible expert testimony can be difficult to capture. *See, e.g., Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 218 (3d Cir. 2006) (noting "line between admissible and inadmissible expert testimony...often becomes blurred when the testimony concerns a party's compliance with customs and practices that implicate legal duties").

"Reply, 27, 17-21".  The Court has spent an inordinate amount of time trying to run down Movant's citation.  It could be Doc. 27 (Movant's reply in support of his motion to vacate, set aside or correct sentence) at pages 17-21.  The citation could also be Movant's reply brief at Doc. 116 (this reply was part of the supplemental briefing following the evidentiary hearing).  Because Movant references in his objections counsel's "hearing testimony" the Court initially believed this was a citation to the reply filed after the hearing (Doc. 116).  However, pages 17-21 of Doc. 116 do not address this claim of ineffective assistance, whereas pages 17-21 of Doc. 27 encompass this claim.  However, page 27 of Doc. 116 addresses this theory of ineffective assistance of counsel.  Specifically, page 27 of Doc. 116 states: "Trial Counsel believes she did not need an interrogation expert because: (i) it was 'obvious' that Agent Hale's interrogation was coercive and unreliable…. Evid. Hr. Tr. (Day 2), 344:18-346:9; 383:7-389:23."  Doc. 98 contains the allegedly quoted portions of the transcript.  At pages 344-346 trial counsel does not say this. (Doc. 98 at 104-106).  At pages 383-389 trial counsel does not say this. (Doc. 98 at 143-149).  Thus, the Court finds the Government is correct that the record does not contain any evidence that trial counsel said she did not retain an expert because the coercive nature of the confession was "obvious" to her.  Accordingly, this objection is overruled because it is not supported by the record.

Regarding the "linguistics" expert, this Court agrees with the R&R and the Government that Movant's argument that trial counsel was ineffective for failing to retain a linguistics expert (to address that English is not Movant's first language) is a different factual predicate of ineffective assistance of counsel than "competency" or the failure to retain an "interrogation" expert. (Doc. 117 at 48).  Movant's objections, while arguing this is part of the overall competency and voluntariness issue, nonetheless cite only the closing brief and the reply for any prior reference to the argument. (Doc. 122 at 19-20).  Thus, the Court agrees with the R&R that this factual predicate of ineffective assistance of counsel is waived.  Thus, relief on this claim is denied.

Alternatively, the R&R considered the merits of whether the failure to call a

linguistics expert was ineffective assistance of counsel. (Doc. 117 at 52). The R&R concluded Movant failed to satisfy *Strickland* with respect to this new claim. (Doc. 117 at 52-53). Movant objects and says that this claim satisfies *Strickland* because a linguistics expert might have shown that Movant did not fully understand the questions at his interrogation by Agent Hale. (Doc. 122 at 19-20).

Movant's objection is overruled. At the evidentiary hearing, two separate witnesses testified regarding Movant's understanding of, and ability to speak, English both of whom testified that Movant has at least a basic understanding of English. (Doc. 117 at 52-53). Thus, trial counsel was not ineffective for failing to call a linguist expert because such an expert would not have changed the fact that Movant generally speaks English. (Doc. 117 at 52-53; *see also* Doc. 126 at 21). For the same reason, Movant has not shown prejudice. (Doc. 117 at 52-53). Accordingly, the Court accepts the R&R's alternative recommendation that the Court deny relief on this claim on the merits.

In conclusion, the Court agrees with the R&R that trial counsel's handling of all issues surrounding the motion to suppress were objectively reasonable strategic decisions and Movant has not shown prejudice under *Strickland*.

Movant also argues that that Movant's statement was the only evidence of Movant's guilt. (Doc. 122 at 14). While the Court will discuss the evidence against Movant more thoroughly below, the Court will overrule this objection because it is unsupported by the record. Thus, to the extent the objections imply that there is significant prejudice to Movant from the admission of his statement because it is the "only evidence" against Movant, the Court makes clear that this objection is overruled in part because of the other significant evidence against Movant which shows that even if Movant's statements had been precluded, it is highly unlikely the result of the proceeding would have been different.

### 6. Inconsistent Defenses

Movant argues that trial counsel presented inconsistent defenses and that such a strategy was ineffective. The R&R reviewed the record evidence in detail (Doc. 117 at 43-46) and concluded that trial counsel did not present inconsistent defenses. Trial counsel

consistently presented the defense that Movant was not the perpetrator. (Doc. 117 at 46).

Movant objects and argues that trial counsel merely mentioning "delirium tremens" confused the jury. (Doc. 122 at 15). First, merely mentioning something is not "presenting inconsistent defenses" and the Court accepts and adopts the R&R's conclusion that trial counsel did not present inconsistent defenses. Thus, trial counsel cannot be ineffective on this basis and relief on this claim is denied.

Second, Movant offers nothing beyond his own conclusory speculation that the jury was confused. Such speculation is insufficient to show deficient performance or prejudice. Accordingly, for this alternative reason this objection is overruled.

### 7. Cumulative Error

The R&R correctly recounts the law that the cumulative effect of multiple errors can be considered together in assessing prejudice in the context of an ineffective assistance of counsel claim. (Doc. 117 at 46). The R&R concludes that because there were no instances of deficient performance, there can be no cumulative prejudice. (*Id.*). Movant does not specifically object to this recommendation. Accordingly, the Court accepts and adopts it. Relief is denied on this theory.

However, the Court notes that in his objections, Movant alludes to a global prejudice argument. (*See, e.g.,* Doc. 122 at 10). In furtherance of this argument, Movant repeats at various points that there was no physical evidence tying Movant to the crime in this case. (*See, e.g.,* Doc. 122 at 2, line 3; Doc. 122 at 10, line 10). However, this repeated assertion is simply not a correct representation of the record.

Specifically, the Court presided over the trial of this case, and has a specific recollection of many pieces of physical evidence against Movant. Further, as the Government recounts in its reply to the objections, the physical evidence against Movant includes, "the multiple stab wounds inflicted upon the victim which were consistent with having been caused by a pair of scissors; Defendant's single laceration to the neck which was consistent with being caused by a pair of scissors and being self-inflicted; the bloody scissors hidden under the mattress upon which Defendant and the victim were found;

Defendant's bloody left handprint found on the mattress next to the scissors (Defendant is left-handed); Defendant's DNA on the bloody scissors; all of the blood in the room matching either Defendant or the victim; bloody bare footprints found in the area around the bed indicating the murderer walked around in the blood; the bottom of Defendant's feet covered in blood; blood running down Defendant's chest onto the tops of his feet; blood droplets matching Defendant's DNA on furniture again indicating Defendant had been up and walking around; and no physical signs of a third-party intruder." (Doc. 126 at 3). Further, although not admitted at trial, Movant's DNA was under the victim's fingernails consistent with a defensive struggle and consistent with Movant being the attacker. (Doc. 126 at 4). Additionally, despite there being an enormous amount of blood visible in the room where the victim died, there was no visible blood in the rest of the house or outside the house, which is additional physical evidence supporting the theory that the attacker never left the room. (Doc. 126 at 18).

Given all of this physical evidence of Movant's guilt, without even considering Movant's inculpatory statements, Movant cannot show that any of trial counsel's alleged deficiencies prejudiced him. Thus, relief on any claim of "cumulative errors" causing prejudice is denied for this additional reason.

## IV. Conclusion

**IT IS ORDERED** that the R&R (Doc. 117) is accepted and adopted; the objections (Doc. 122) are overruled; the Motion to Vacate, Set Aside or Correct Sentence (Doc. 1 in the CV case; Doc. 323 in the CR case) is denied and dismissed with prejudice and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** a certificate of appealability is denied because jurists of reason would not find this Court's conclusion that Movant has not made a claim of constitutional magnitude debatable. Specifically, while this Court could hypothesize some debate about the reasonableness of some of trial counsel's strategic decisions, Movant's primary argument that trial counsel made no strategic decisions is such a misapplication of the facts and the law that jurists of reason would not find this Court's

conclusion that trial counsel made strategic decisions debatable. Further, the Court finds that jurists of reason would not find it debatable that Movant cannot show prejudice on any of his theories of ineffective assistance of counsel.

**IT IS FURTHER ORDERED** that Respondent's motion to exceed page limit (Doc. 127) is granted to the extent that the reply to the objections filed at Doc. 126 is deemed to be accepted.

Dated this 22nd day of August, 2023.

James A. Teilborg
Senior United States District Judge